OPINION OF THE COURT
Arthur W. Lonschein, J.
Motion to preclude the defendant Gemenez from testifying at trial is denied, even though there was no opposition thereto, and a monetary sanction is imposed as set forth below.
Moving counsel was present at a preliminary conference held on March 14, 1986, at which an order was prepared and *678 signed by all counsel as "consented to”. This order, in paragraph 3, prohibited all parties from making disclosure motions such as this without making good-faith efforts to resolve the dispute and, if that failed, obtaining leave of court. The moving papers fail to set forth any good-faith efforts to resolve the dispute and, in any event, leave was not obtained. The motion is therefore denied, without prejudice.
As an appropriate sanction, the court orders the moving attorney to pay $200 to the Clients’ Security Fund of the State of New York. (See, McLoughlin v Henke, 130 Misc 2d 1091.) The court imposes this sanction in favor of the fund, rather than adverse counsel, since adverse counsel did not oppose this motion and were not inconvenienced. The court, however, was greatly inconvenienced. Each motion made to the court takes up at least one full man-hour of clerk’s time in order to be processed, checked, and logged in and out. In addition to this, a motion occupies, at the very least, a half-hour of my time and my staff’s time in order to reach and process a decision. Against this must be contrasted the streamlined telephone procedure, occupying no more than 10 minutes, which was contemplated by the court in imposing the limitation on formal disclosure motions. It was to achieve such efficiencies that the individual assignment system was created (22 NYCRR 202.3), and it was in order to enforce adherence to policies implementing these efficiencies that the courts were empowered to impose sanctions (22 NYCRR 202.12 [g]). Proof of payment of the sanction imposed herein must be shown before the court will entertain any further applications from the moving attorney.